UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Roche Diabetes Care, Inc., Roche Diabetes Care
GmbH, and Hoffmann-La Roche, Inc.,

                                                      Plaintiffs,

        -against-

JMD Enterprises d/b/a DKY Store USA, JMD
International, Dileep Kumar Yadav, Abhishek Jain,
Medical Hub_USA Store, Ratnakar Sharma,
Authentic Indian Store, and Atikur Rahman,

                                                    Defendants.
----------------------------------------------------------------X

**ORDER**
24-CV-03625 (DG) (RML)

DIANE GUJARATI, United States District Judge:

        On May 20, 2024, Plaintiffs Roche Diabetes Care, Inc., Roche Diabetes Care GmbH, and Hoffmann-La Roche, Inc. (collectively, "Plaintiffs" or "Roche") commenced this action against JMD Enterprises d/b/a DKY Store USA, JMD International, Dileep Kumar Yadav, Abhishek Jain, Medical Hub_USA Store, Ratnakar Sharma, Authentic Indian Store, and Atikur Rahman (collectively, "Defendants"), alleging federal trademark infringement in violation of 15 U.S.C. §§ 1114(1)(a) and (b); federal unfair competition in violation of 15 U.S.C. § 1125(a)(i)(A); common law unfair competition; state law trademark dilution; state law deceptive business practices; unjust enrichment; importation of goods bearing infringing marks in violation of 15 U.S.C. § 1124; false description and designation of origin in commerce; and federal false advertising. *See generally* Complaint, ECF No. 1.

        Also on May 20, 2024, Plaintiffs filed an *ex parte* Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction, ECF No. 3, together with supporting documents, including Plaintiffs' Memorandum of Law, ECF No. 9, and Declarations of Kerri McAleavey, ECF No. 10; Hannah Coleman, ECF No. 10-1; Chandan Sharma, ECF No.

10-2; Keith Verner, ECF No. 10-3; Patrick Barron, ECF No. 10-4; Debra Robinson, ECF No. 10-5; Connor Brooks, ECF No. 10-6; and Geoffrey Potter, ECF No. 10-7.[1]

On May 22, 2024, the Court held an *ex parte* conference, at which the Court addressed Plaintiffs' submissions; directed Plaintiffs to file revised versions of the documents filed at ECF Nos. 3 and 5; and reserved decision on Plaintiffs' outstanding requests. *See* Minute Entry dated May 22, 2024.[2] On May 23, 2024, Plaintiffs filed revised versions of the documents filed at ECF Nos. 3 and 5. *See* Motion for Order to Show Cause for a Preliminary Injunction, Motion for Temporary Restraining Order (the "Motion"), ECF No. 14; ECF No. 15 (revised Proposed Letter of Request to Judicial Authorities of the Honorable High Court of Delhi at New Delhi).

Through the Motion, Plaintiffs requested that the Court issue an order directing, *inter alia*, that Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them, shall, upon service of such order, be immediately temporarily restrained from engaging in any or all of the following acts in U.S. commerce:

1. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the Accu-Chek Marks (as defined herein) on any counterfeit or authentic product, or any marks confusingly similar thereto in connection with any products. The "Accu-Chek Marks" are defined as the following:

---

[1] Also on May 20, 2024, Plaintiffs filed, *inter alia*, a Proposed Sealing Order, ECF No. 4; a Proposed Letter of Request to the Judicial Authorities of the Honorable High Court of Delhi at New Delhi, ECF No. 5; a Proposed Asset Freeze Order, ECF No. 6; a Proposed Expedited Party Discovery Order, ECF No. 7; and a Proposed Order Permitting Electronic Service, ECF No. 8. Each of Plaintiffs' submissions was filed *ex parte* and under seal.

[2] With respect to Plaintiffs' sealing request, *see* ECF No. 4, the Court stated that it would permit the caption of the case and all documents and orders filed in the case to remain under seal until further order of the Court. *See* Minute Entry dated May 22, 2024.

| Trademark | Registration Number(s) | Registration Date |
|---|---|---|
| ACCU-CHEK | 2,403,536 | November 14, 2000 |
| ACCU-CHEK SMARTVIEW | 4,230,563 | October 23, 2012 |
| ACCU-CHEK NANO SMARTVIEW | 4,226,844 | October 16, 2012 |
| SOFTCLIX | 1,780,139 | July 6, 1993 |
| ACCU-CHEK GUIDE | 5,256,607 | August 1, 2017 |
| ACCU-CHEK GUIDE ME | 6,042,931 | April 28, 2020 |
| ACCU-CHEK NANO | 4,214,217 | September 25, 2012 |
| ACCU-CHEK AVIVA | 3,071,846 | March 21, 2006 |
| ACCU-CHEK AVIVA COMBO | 3,602,826 | April 7, 2009 |
| ACCU-CHEK AVIVA CONNECT | 4,561,864 | July 8, 2014 |
| ACCU-CHEK AVIVA EXPERT | 3,602,825 | April 7, 2009 |
| Roche (logo) | 5,363,165; 5,363,167; 5,363,168 | December 26, 2017 |

2. Using any logo, trade name, or trademark confusingly similar to any of the Accu-Chek Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by, or in any way associated with Plaintiffs;

3. Infringing any of the Accu-Chek Marks;

4. Falsely representing any or all of Defendants as being connected with Plaintiffs, or sponsored by or associated with Plaintiffs, or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of Defendants are associated with Plaintiffs;

5. Using any reproduction, counterfeit, copy, or colorable imitation of any of the Accu-Chek Marks in connection with the publicity, promotion, sale, or advertising of any product;

6. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Roche products, and from offering such goods in commerce;

7. Removing from their premises, or discarding, destroying, transferring, or disposing in any manner any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications), or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Roche products, including without limitation any products bearing any of the Accu-Chek Marks; and

8. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (7) above.

By Order dated May 24, 2024, the Court, having considered all of the filings then before the Court in this action, including the declarations, and having heard from Plaintiffs at the May 22, 2024 *ex parte* conference, granted Plaintiffs' request for a Temporary Restraining Order and ordered Plaintiffs to post an undertaking with the Clerk of Court in the form of a bond, cash, or

4

check in the amount of $10,000. *See* ECF No. 17.[3] In the May 24, 2024 Order, the Court set forth the applicable law with respect to obtaining a preliminary injunction and/or temporary restraining order, noting that in this Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction, *see* ECF No. 17 at 4-5, and the Court concluded that a Temporary Restraining Order was warranted, *see* ECF No. 17 at 6. The Court concluded that Plaintiffs had shown a likelihood of success on at least some of their claims – specifically, Plaintiffs had carried their burden of demonstrating, at a minimum, a likelihood of success on their federal trademark infringement claims; that Plaintiffs had submitted evidence demonstrating a likelihood of irreparable injury, including damage to Plaintiffs' reputation and goodwill, absent a Temporary Restraining Order; that the harm to Plaintiffs that would result from a denial of the request for a Temporary Restraining Order substantially outweighed any harm to Defendants that would result from a grant of the request; and that issuance of the requested Temporary Restraining Order was in the public interest, particularly in light of the potential risk to public health and safety. *See* ECF No. 17 at 5-6.[4]

The May 24, 2024 Order, which was issued without notice to Defendants but subsequently served on each Defendant, *see* ECF No. 22 (reflecting service dates between May 30, 2024 and June 3, 2024), directed that "Defendants shall appear before the Court on June 7, 2024 at 11:00 a.m. in Courtroom 4B South to show cause as to why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining Defendants in the manner set forth [in the Order] for the duration of this litigation" and set forth

---

[3] On May 28, 2024, Plaintiffs posted a bond in the amount of $10,000. *See* ECF No. 21.

[4] On May 24, 2024, the Court also addressed other requests made by Plaintiffs. *See* ECF Nos. 16, 18, 19, 20.

5

that "Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the issuance of a preliminary injunction, which shall be deemed to take effect immediately and which shall remain in effect during the pendency of this action." *See* ECF No. 17.

On June 7, 2024, Plaintiffs appeared at the show cause hearing. *See* Minute Entry dated June 7, 2024. No Defendant appeared. *See* Minute Entry dated June 7, 2024. Nor did any Defendant file an opposition or seek an adjournment of the hearing. *See generally* docket. At the hearing, discussion was held regarding Plaintiffs' request for a preliminary injunction. *See* Minute Entry dated June 7, 2024.[5]

\* \* \*

Upon consideration of the record to date, including the lack of opposition, and for the reasons set forth in the May 24, 2024 Order, ECF No. 17, Plaintiffs' request for a preliminary injunction, *see* ECF No. 14, is GRANTED.

### **Preliminary Injunction**

IT IS THEREFORE ORDERED that:

Defendants, their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in active concert and participation with them are, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, preliminarily enjoined, during the pendency of this action, from engaging in any or all of the following acts in U.S. commerce:

1. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the Accu-Chek Marks (as defined above) on any counterfeit or authentic

---

[5] In addition, the Court ordered that the case be unsealed in its entirety, with the exception of ECF No. 23, which the Court permitted to remain under seal. *See* Minute Entry dated June 7, 2024.

      product, or any marks confusingly similar thereto in connection with any products;

2. Using any logo, trade name, or trademark confusingly similar to any of the Accu-Chek Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of Defendants or of others are sponsored by, authorized by, or in any way associated with Plaintiffs;

3. Infringing any of the Accu-Chek Marks;

4. Falsely representing any or all of Defendants as being connected with Plaintiffs, or sponsored by or associated with Plaintiffs, or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of Defendants are associated with Plaintiffs;

5. Using any reproduction, counterfeit, copy, or colorable imitation of any of the Accu-Chek Marks in connection with the publicity, promotion, sale, or advertising of any product;

6. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Roche products, and from offering such goods in commerce;

7. Removing from their premises, or discarding, destroying, transferring, or disposing in any manner any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications), or other documents relating to Defendants' assets and

       operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Roche products, including without limitation any products bearing any of the Accu-Chek Marks; and

8. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (7) above.

## Bond

IT IS FURTHER ORDERED that the $10,000 bond posted by Plaintiffs, *see* ECF No. 21, shall remain with the Court during the pendency of this action or until the Preliminary Injunction is terminated.

* * *

IT IS FURTHER ORDERED that Plaintiffs shall serve this Order on each Defendant and file proof of service by June 10, 2024.

SO ORDERED.

                                            */s/ Diane Gujarati*
                                            DIANE GUJARATI
                                            United States District Judge

Dated:  June 7, 2024
           Brooklyn, New York