**Davis Wright Tremaine LLP**

1251 Avenue of the Americas
21st Floor
New York, NY 10020-1104

**Mohammad Pathan**
212.603.6414 tel
mohammadpathan@dwt.com

June 27, 2024

**Via ECF**
United States District Court
Eastern District of New York
Magistrate Judge Robert M. Levy
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Roche Diabetes Care, Inc. v. JMD Enterprises d/b/a DKY Store USA*,
Case No. 24 Civ. 3625 (DG) (RML)

Judge Levy:

As directed by Your Honor, Amazon.com Services LLC ("Amazon") advises the Court that it intends to produce the customer lists and contact information discussed during the June 26, 2024 telephonic conference. Specifically, Amazon will produce to Plaintiffs Roche Diabetes Care, Inc. *et al.* (collectively, "Roche"), to the extent practicable, "all available contact information for each U.S. customer that purchased any actual or purported Accu-Check brand product from each Storefront owner for the past six years," as articulated in the Court's Expedited Party Discovery Order (Dkt. No. 20 at 3). The data collection has been escalated, is in progress, and Amazon will make its production as fast as possible. This will take a short amount of time but continuing with best efforts it should be available to Roche by Monday, July 1, 2024.[1]

For purposes of the record, Amazon reiterates that it strongly disagrees with the narrative advanced by Roche. Amazon is deeply committed to combating counterfeiting and protecting customer safety. Upon becoming aware of the counterfeit products at issue, Amazon offered to send affected customers a notice on behalf of Roche. Roche declined. Amazon then notified Roche it intended to send its own notice to customers regardless, and invited Roche to participate in developing the content of Amazon's notice. Roche rejected Amazon's offer by filing a motion for contempt on its *ex parte* discovery order. Out of concern for its customers, Amazon proactively: (a) alerted customers that the products they purchased may not function as intended, (b) directed them to destroy any remaining product, and (c) refunded their purchases. Amazon has also repeatedly invited Roche to partner with Amazon's Counterfeit Crimes Unit ("CCU") to investigate, pursue bad actors, and resist future counterfeiting. To date, Roche has not accepted Amazon's invitation.

With regard to Amazon's compliance with the Court's Temporary Restraining Order, Asset Freeze Order, and Expedited Party Discovery Order, Amazon expeditiously deactivated the

---

[1] The scope of customer data articulated in the Expedited Party Discovery Order is broader than the data that was required for Amazon to send its internal customer notice. Providing the information articulated in the Expedited Discovery Order requires additional data queries that are underway and proceeding as quickly as possible.

DWT.COM

June 27, 2024
Page 2

offending seller storefronts, froze funds, and collected and produced additional discovery. Amazon also repeatedly met and conferred with Roche's counsel to better understand their needs and concerns. As a result of Amazon's efforts, it produced extensive discovery to Roche in accordance with the Expedited Discovery Order.

Notwithstanding Amazon's extensive production, Roche insisted on Amazon producing customer data. Amazon made every effort to resolve its concerns regarding the Order directly with Roche's counsel including, but not limited to, jurisdiction, notice, due process, procedure, and customer privacy. Roche indicated that its need for customer PII was to notify affected customers regarding the potentially unsafe products and collect evidence for this litigation. However, Roche has repeatedly rebuffed Amazon's offers to notify affected customers, Amazon already notified affected customers, and Roche has already obtained evidence for this litigation through test buys. Moreover, Amazon has offered to provide Roche with additional sequestered products should it need further evidence. Given this posture, the situation appeared resolvable without motions practice. Nevertheless, Amazon will produce the customer lists and contact information discussed during the June 26, 2024 conference, subject to the confidentiality provisions in the Expedited Discovery Order or other Protective Order entered in this action.[2]

Respectfully submitted,

*/s/ Mohammad B. Pathan*

*Counsel for Non-Party Amazon.com Services LLC*

---

[2] Amazon does so while reserving its due process and jurisdiction rights, including the requirement to issue a subpoena to a non-party prior to commencement of any motion to compel or contempt proceeding related to non-party discovery. *See, e.g., Simmons v. Fervent Elec. Corp.*, 2014 WL 4285762, at *1 (E.D.N.Y. 2014) (court lacked jurisdiction over motion to compel because it was not the district where compliance was required); *In re Smerling Litig.*, 2022 WL 684148, at *2 (S.D.N.Y. 2022) (court lacked jurisdiction over motion to quash where it was not the district where compliance was required).